# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **LEONARD BRANHAM and TIRFARI SMITH, Individually and on Behalf of All Others Similarly Situated,** | : : : : : | **CIVIL ACTION NO. _____** |
| Plaintiffs, | : : | **COLLECTIVE ACTION** |
| v. | : : | |
| **CRAWFORD & COMPANY,** | : : | |
| Defendant. | : | **JURY TRIAL DEMANDED** |

## INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT
## UNDER THE FAIR LABOR STANDARDS ACT

## NATURE OF THE ACTION

1. Plaintiffs Leonard Branham ("Branham") and Tirfari Smith ("Smith") (collectively "Plaintiffs") bring this civil action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA" or the "Act") on behalf of themselves and on behalf of all those similarly situated, to recover unpaid back wages (29 U.S.C. § 211(a)), an additional equal amount as liquidated damages (29 U.S.C. § 216(c)), attorneys' fees and costs (29 U.S.C. § 216), and pre- and post-judgment interest.

2. Defendant Crawford & Company ("Crawford" or "Defendant") has violated the FLSA within the past three years by not paying their adjusters and/or

managers (including Branham, Smith and others similarly situated) for the overtime hours they worked.

3. Plaintiffs, as putative collective/class representatives, seek certification of this suit as a collective action on behalf of all current and former "adjusters," "managers" or others who have performed duties similar to the duties performed by Plaintiffs for Crawford within the past three years (collectively referred to as the "Similarly Situated Employees").

## THE PARTIES

4. Plaintiff Leonard Branham resides in Atlanta, Fulton County, Georgia. Branham was hired by Defendant as an insurance adjuster in Dupont, Washington beginning in or about November 2013. Branham then became a team manager/site manager for Defendant in Atlanta, Georgia in or about July 2014. He was so employed until on or about May 12, 2015.

5. Plaintiff Tirfari Smith is a resident of 2607 Prince George Ave., Apartment 3601, DeSoto, Texas 75115. Smith was hired by Defendant as an insurance adjuster in Winterhaven, Florida beginning in or about July 2013. Smith later also worked as an adjuster for Defendant in Bloomington, Illinois and Dallas, Texas. She was so employed until October 2014.

6. Defendant Crawford & Company ("Crawford") is a Georgia corporation with its principal place of business in the Northern District of Georgia,

Atlanta Division.  Crawford may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, being Corporation Service Company, at 40 Technology Parkway South, Ste. 300, Norcross, Georgia 30092, or wherever else it may be found.

## JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1131 (federal question jurisdiction) and 29 U.S.C. § 216(b) (the FLSA).

8. Defendant Crawford's principal place of business is 1001 Summit Blvd., 10th Floor, Atlanta, Georgia 30319.  Therefore, this action is within the jurisdiction of the United States District Court for the Northern District of Georgia and venue is proper in the Northern District of Georgia, Atlanta Division.

9. Defendant was Plaintiffs', and all others similarly situated, employer within the meaning of the FLSA.

## ENTERPRISE AND INDIVIDUAL FLSA COVERAGE

10. At all relevant times, Defendant Crawford has engaged in related activities performed through unified operation or common control for a common business purpose; has employees engaged in interstate commerce or in the production of goods or services for interstate commerce, or employees handling, receiving, selling or otherwise working on goods or material that have been moved in or produced for interstate commerce; and has an annual gross volume of sales

made or business done of not less than $500,000. Defendant Crawford, therefore, constitutes an enterprise engaged in interstate commerce or in the production of goods or services for interstate commerce within the meaning of the FLSA (29 U.S.C. §203(r) & (s)).

11. In addition, in connection with their employment with Defendant, Plaintiffs, and all others similarly situated, engaged in interstate commerce within the meaning of the FLSA (29 U.S.C. §§ 206(a) & 207(a)(1)).

## BACKGROUND AND STATEMENT OF CLAIMS

### A. Crawford Illegally Pays Branham For His Work In Washington.

12. Branham started working for Defendant as an insurance adjuster in DuPont, Washington in or about November 2013.

13. Plaintiff Branham (and other Similarly Situated Employees) worked substantial overtime hours for Defendant. Branham (and other Similarly Situated Employees) typically worked six (6) days per week throughout his employment in Washington, regularly working at least 20 hours of overtime per week.

14. Plaintiff Branham and other Similarly Situated Employees were paid an invalid day rate for their work.

15. Branham's day rate (and that of other Similarly Situated Employees) was docked on quarter day increments if he missed a partial day of work.

16. Although Defendant treated part of Branham's day rate as a "per diem" that was not subject to taxes, this was simply done "to help you with tax burdens" and was "not actually per diem, just an amount treated as such so that it's not subject to tax…In the end, it's part of [Branham's and other Similarly Situated Employees'] daily pay." See Exhibit 1, which is incorporated by this reference.

17. Plaintiff Branham's (and Other Similarly Situated Employees') daily, non-discretionary per diem bonus was another form of compensation for their services, on top of their daily rate, further entitling Plaintiff Branham and all others similarly situated to time and one-half their regular rate for all hours worked in a workweek over forty (40) hours.

18. Branham and other Similarly Situated Employees were not compensated for the overtime hours they worked.

19. Defendant did not require Branham and other Similarly Situated Employees to keep any time records, in violation of the FLSA's recordkeeping requirements.

**B.     Crawford Illegally Pays Branham In Georgia.**

20. In or about July 2014, Branham was transferred to Atlanta, Georgia and filled the position of team manager.

21. In this position, Branham and other Similarly Situated Employees continued to work substantial overtime hours for Crawford. Branham typically

worked six (6) days per week throughout his employment in Georgia, regularly working at least 20 hours of overtime per week.

22. Plaintiff Branham and other Similarly Situated Employees were also paid an invalid day rate for their work in Georgia and were not paid on a salary basis.

23. Defendant treated part of Branham's (and other Similarly Situated Employees') day rate as a "per diem" that was not subject to taxes, in the same manner as was done for Plaintiff Branham and other Similarly Situated Employees in Washington.

24. Plaintiff Branham's (and Other Similarly Situated Employees') daily, non-discretionary per diem bonus was another form of compensation for their services, on top of their daily rate, further entitling Plaintiff Branham and all others similarly situated to time and one-half their regular rate for all hours worked in a workweek over forty (40) hours.

25. Branham and other Similarly Situated Employees were not compensated for the overtime hours they worked.

26. Defendant did not require Branham and other Similarly Situated Employees to keep any time records, in violation of the FLSA's recordkeeping requirements.

### C.     Crawford Begins Paying Overtime In July 2014 For Adjusters.

27.     Although Branham and other Similarly Situated Employees continued to be paid a day rate with no compensation for overtime while in Georgia, Crawford changed its pay practices for regular insurance adjusters in July 2014 and began paying those adjusters an hourly wage with an additional amount for all overtime hours worked in excess of forty (40) hours in a workweek.

### D.     Crawford Illegally Pays Smith In Florida.

28.     Smith started working for Crawford as an insurance adjuster in Winter Haven, Florida in or about July 2013.

29.     Smith (and other Similarly Situated Employees) worked substantial overtime hours for Defendant.  Smith and other Similarly Situated Employees typically worked six (6) days per week throughout their employment in Florida, regularly working at least 20 hours of overtime per week.

30.     Smith and other Similarly Situated Employees were paid an invalid day rate for their work.

31.     Smith's day rate (and that of others similarly situated) was docked on quarter day increments if she missed a partial day of work. See Exhibit 2, which is incorporated by this reference.

32.     Defendant treated part of Smith's (and other Similarly Situated Employees) day rate as a "per diem" that was not subject to taxes, in the same

7

manner as was done for Plaintiff Branham and other Similarly Situated Employees in Washington.

33. Plaintiff Smith's (and Other Similarly Situated Employees') daily, non-discretionary per diem bonus was another form of compensation for their services, on top of their daily rate, further entitling Plaintiff Smith and all others similarly situated to time and one-half their regular rate for all hours worked in a workweek over forty (40) hours.

34. Smith and other Similarly Situated Employees were not compensated for the overtime hours they worked.

35. Defendant did not require Smith and other Similarly Situated Employees to keep any time records, in violation of the FLSA's recordkeeping requirements.

**E.     Crawford Begins Paying Smith Overtime.**

36. In or about July 2014, Smith was deployed to work for Crawford as an adjuster in Dallas, Texas.  At this time, Crawford changed their pay practices and began to pay Smith an hourly wage with an additional amount for all overtime hours worked in excess of forty (40) hours in a workweek.

**F.     National Class Of Adjusters And Managers Illegally Paid.**

37.     Crawford has been violating the FLSA by willfully failing to pay overtime to insurance adjusters and managers nationwide were paid under an invalid non-guaranteed day rate system within the past three years.

38.     Because Defendant paid Plaintiffs and the other Similarly Situated Employees under an invalid non-guaranteed day rate system that was subject to deductions for partial-day absences, without any additional compensation for overtime worked, overtime would be due at a rate of one and one-half the regular rate of pay for any overtime hours worked in excess of forty (40) hours in a workweek.

39.     Because Defendant paid Plaintiffs and the other Similarly Situated Employees a daily, non-discretionary "per diem" bonus as another form of compensation for their services, on top of their daily rate, Plaintiffs and all others Similarly Situated Employees are further entitled to time and one-half their regular rate for all hours worked in a workweek over forty (40) hours.

40.     Additionally, the Plaintiffs and other Similarly Situated Employees performed non-exempt work duties.

41.     Notwithstanding the fact that Plaintiffs and other Similarly Situated Employees were entitled to this overtime pay, Defendant failed to pay Plaintiffs or the other Similarly Situated Employees overtime pay.

42. Defendant knew it was required by the FLSA to pay an additional one and one-half premium rate for the overtime work of Plaintiffs and the other Similarly Situated Employees.

43. Defendant willfully failed to pay Plaintiffs and the other Similarly Situated Employees overtime.

44. The failure to pay overtime to Plaintiffs and the other Similarly Situated Employees was a violation of the FLSA, including §§ 207(a) and 15(a)(2).

## CLASS/COLLECTIVE ACTION ALLEGATIONS

45. Plaintiffs hereby adopt and incorporate by reference all of the foregoing paragraphs, as if set forth herein again.

46. There is a nationwide collective/class of other insurance adjusters and team managers who have performed work similar to Plaintiffs and were subject to the same illegal pay practices.

47. Defendant would make deductions to the daily rate of pay for partial-day absences for insurance adjusters and managers.  Thus, Defendant paid Plaintiffs and the other Similarly Situated Employees on an hourly, not daily rate of pay, and overtime would be due at a rate of one and one-half the regular rate of pay for all hours worked in excess of forty (40) hours in each workweek (rather than the half-time overtime rate applicable to properly administered day rate compensation plans).

48. Plaintiffs and the other Similarly Situated Employees were not guaranteed any specific number of paid days in any workweek and they were not paid on a salary basis.

49. Plaintiffs and the other Similarly Situated Employees have consistently worked more than forty (40) hours in most workweeks within the past three years.

50. Plaintiffs and the other Similarly Situated Employees have not been paid for overtime at one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours in their workweeks within the past three years.

51. Plaintiffs and the other Similarly Situated Employees are entitled to payment of overtime at the rate of an additional one and one-half times their regular rate of pay for the time period within three years before the filing of this action to the present.

52. Plaintiffs and the other Similarly Situated Employees of Defendant on whose behalf this lawsuit is brought include all present and former insurance adjuster and team manager employees nationwide who were paid under an invalid non-guaranteed day rate system (that was subject to deductions for partial-day absences), without any compensation for overtime worked. These individuals have been subject to the same policies and practices as Plaintiffs regarding non-payment of overtime wages at an additional one and one-half times their regular rate of pay.

53. Defendant has violated 29 U.S.C. §207 of the FLSA by failing to pay Plaintiffs, and the other Similarly Situated Employees, overtime compensation required by the FLSA in workweeks in which they worked in excess of forty (40) hours.

54. Defendant's violations have been willful.

55. There are questions of law and fact common to the class/collective.

56. The claims or defenses of the representatives, Plaintiffs Leonard Branham and Tirfari Smith, are typical of the claims or defenses of the class/collective.

57. The representatives, Plaintiffs Leonard Branham and Tirfari Smith, will fairly and adequately protect the interests of the collective/class.

58. Counsel for Plaintiffs, Starzyk & Associates, P.C., has conducted significant investigation as to potential claims and parties in this case.

59. Prosecuting this case as a class/collective action for similarly situated employees who have been unlawfully denied overtime wages will promote judicial efficiency and will best protect the interest of the class/collective members.

60. There are no conflicts of interest among the class/collective members.

61. Counsel for Plaintiffs, Starzyk & Associates, P.C., is knowledgeable and experienced in the field of employment law (specifically including overtime

claims under the FLSA), class/collective actions and complex litigation, and can and will fairly and competently represent the interests of all class members.

62. Counsel for Plaintiffs have and will commit the human and financial resources necessary to represent the class/collective.

63. Plaintiffs' written Consents to this action are attached together as Exhibit 3 and incorporated by this reference.

## COUNT I:
## UNPAID OVERTIME UNDER THE FAIR LABOR STANDARDS ACT
## (FLSA)
## (INDIVIDUAL AND CLASS/COLLECTIVE ACTION)

64. Plaintiffs hereby adopt and incorporate by reference all of the foregoing paragraphs, as if set forth herein again.

65. Plaintiffs and the other Similarly Situated Employees were not paid on a salary basis.

66. Plaintiffs and the other Similarly Situated Employees did not perform overtime exempt duties as their principal work.

67. Plaintiffs and the other Similarly Situated Employees are entitled to overtime at a rate of an additional one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

68. Plaintiffs and the other Similarly Situated Employees have worked in excess of forty (40) hours in most workweeks within the past three years.

69. Defendant has failed to pay overtime to Plaintiffs and the other Similarly Situated Employees for hours worked in excess of forty (40) hours in the workweeks of the past three years.

70. Plaintiffs and the other Similarly Situated Employees are further entitled to recover an additional equal amount as liquidated damages (29 U.S.C. § 216(c)) and attorneys' fees and costs (29 U.S.C. § 216).

71. Defendant's failure to pay overtime was willful, thus entitling Plaintiffs and the other Similarly Situated Employees to a three year statute of limitations.

## **PRAYER**

**WHEREFORE**, Plaintiffs Leonard Branham and Tirfari Smith, through their undersigned counsel, demand a trial by jury and respectfully request that this Court:

A. Upon proper motion, enter an order certifying this suit as a collective action on behalf of all current and former insurance adjusters and team managers, and that Notice therefore be distributed to all putative class/collective members;

B. Order Defendant to make Plaintiffs and the other Similarly Situated Employees whole by paying the overtime wages due;

C. Order Defendant to pay interest and liquidated damages on all wages owed;

D. Order Defendant to make proper payments of all Federal withholdings and taxes to the Internal Revenue Service;

E. Order Defendant to pay costs and attorneys' fees incurred by Plaintiffs and the others similarly situated; and

F. Grant such further relief as the Court deems necessary and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED,**

*/s/ Edward C. Konieczny*
Edward C. Konieczny
Georgia Bar No. 428039

**EDWARD KONIECZNY LLC**
230 Peachtree Street NW, Suite 2260
Atlanta, Georgia 30303
Telephone: (404) 380-1430
Facsimile: (404) 382-6011
ed@koniecznylaw.com

**-AND-**

*/s/ Michael A. Starzyk*
**Michael A. Starzyk***
Texas Bar No. 00788461
mstarzyk@starzyklaw.com
**April L. Walter***
Texas Bar No. 24052793
awalter@starzyklaw.com
**Megan M. Mitchell***
Texas Bar No. 24073504
mmitchell@starzyklaw.com

15

**STARZYK & ASSOCIATES, PC**
10200 Grogan's Mill Rd, Suite 300
The Woodlands, Texas 77380
Telephone: (281) 364-7261
Facsimile: (281) 364-7533

**-AND-**

*/s/ J. P. Hughes, Jr.*
**J.P. Hughes, Jr.***
Mississippi Bar No. 102124
jay@hughesbrown.com

**HUGHES BROWN, PLLC**
1300 Access Road, Suite 100
Oxford, Mississippi 38655
Telephone: (662) 234-6080
Facsimile: (800) 515-5466

**ATTORNEYS FOR PLAINTIFFS LEONARD BRANHAM AND TIRFARI SMITH, Individually and on Behalf of All Others Similarly Situated**

**Motion for Admission Pro Hac Vice Pending*