IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LEONARD BRANHAM and TIRFARI SMITH, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>CRAWFORD & COMPANY,<br><br>   Defendant. | Civil Action No.<br>1:15-cv-02401-RWS |

## JOINT MOTION FOR DISMISSAL WITH PREJUDICE

Plaintiffs, Leonard Branham and Tirfari Smith, opt-in plaintiffs, Thomas Belcher, Christopher Slack, Ella Buffaloe, James Buffaloe, Robert Greuling, James Hartridge, Tamesha Jeffery, John Marks, Sonya Meadows, Elizabeth Pearce, Coleman Peay, Donald Sims, Patrick Taylor, Tashona Miles, Monteria Robinson, and Shienita Woods, and Defendant, Crawford & Company ("Crawford"), by and through their respective counsel, jointly move this Court for approval of the parties' settlement of this matter, and dismissal with prejudice of this action. In support of this Motion, the Parties state as follows:

### STATEMENT OF THE CASE

This is a cause of action arising under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, et seq. Plaintiffs allege that they were not properly

compensated under the FLSA for hours worked in excess of forty (40) in a given workweek.

Defendant denies any liability to the Plaintiffs for wages under the FLSA. Specifically, Defendant claims Plaintiffs were properly paid for all hours worked in compliance with the FLSA.

Despite these opposing views of the case, the Parties have agreed that it is in their best interests to settle this case to avoid further costs and uncertainty. As such, the Parties entered into the Settlement Agreement ("Settlement Agreement").

In exchange for the conclusive resolution of this suit, Defendant agreed to pay Plaintiffs, opt-in plaintiffs, and Plaintiffs' counsel the following disbursements:

- Leonard Branham - $121,783.33.
- Tirfari Smith - $48,378.97.
- Tashona Miles - $22,369.78.
- Sonya Meadows - $56,627.52.
- Monteria Robinson - $65,550.36.
- Christopher Slack - $48,528.08.
- Elizabeth Pearce - $47,422.80.
- Shienita Woods - $26,633.26.
- Tamesha Jeffery - $72,592.40.
- John Marks - $58,135.42.

- Coleman Peay  - $40,322.82.

- Patrick Taylor - $24,208.88.

- Robert Greuling  - $40,977.82.

- Tom Belcher  - $51,555.74.

- James Hartridge  - $58,135.42.

- Ella Buffaloe - $17,730.44.

- James Buffaloe - $27,448.10.

- Donald Sims will receive $22,640.74.

- Plaintiffs' counsel will receive $438,958.14.

The Parties believe this settlement is fair and reasonable under all the facts and circumstances.

## ARGUMENT

The parties to an FLSA action can resolve the dispute and enter into a valid waiver of the employee's FLSA claims in two ways.  First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages to them is supervised by the Secretary of Labor.  See 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a settlement and the court enters a stipulated judgment approving the fairness of the settlement.  Id. at 1353.

3

In discussing the approval of FLSA settlements, the Eleventh Circuit has noted:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Lynn's Food Stores, 679 F.2d at 1354.

In the case at bar, Plaintiffs worked for Defendant as at-will employees. Through discussions between their counsels, the Parties have reached a settlement that all Parties agree is a fair and reasonable compromise of any FLSA claims that Plaintiffs have against Defendant.

## CONCLUSION

WHEREFORE, the parties jointly request that this motion be granted and the Court enter an Order (a) approving the settlement, (b) dismissing this action with prejudice, and (c) retaining jurisdiction to enforce the parties' settlement agreement.

Respectfully submitted,

| | |
|---|---|
| CRAWFORD & COMPANY | */s Edward C. Konieczny* |
| | Edward C. Konieczny |
| By: */s Heather Havette* | ed@koniecznylaw.com |
| Robert C. Stevens | EDWARD KONIECZNY LLC |
| bstevens@seyfarth.com | 230 Peachtree Street NW, Suite 2260 |
| Georgia Bar No. 680142 | Atlanta, Georgia 30303 |
| Heather Havette | Telephone: (404) 380-1430 |
| hhavette@seyfarth.com | Facsimile: (404) 382-6011 |
| Georgia Bar No. 142080 | |
| SEYFARTH SHAW LLP | */s Michael A. Starzyk* |
| 1075 Peachtree Street, N.E. | Michael A. Starzyk* |
| Suite 2500 | Texas Bar No. 00788461 |
| Atlanta, GA  30309-3958 | mstarzyk@starzyklaw.com |
| Telephone:  (404) 885-1500 | April L. Walter* |
| Facsimile:   (404) 892-7056 | Texas Bar No. 24052793 |
| Counsel for Defendant | awalter@starzyklaw.com |
| | Megan M. Mitchell* |
| Dated:  October 14, 2015 | Texas Bar No. 24073504 |
| | mmitchell@starzyklaw.com |
| | STARZYK & ASSOCIATES, PC |
| | 10200 Grogan's Mill Rd, Suite 300 |
| | The Woodlands, Texas 77380 |
| | Telephone: (281) 364-7533 |
| | Facsimile: (281) 364-7261 |
| | |
| | */s J. P. Hughes, Jr.* |
| | J.P. Hughes, Jr.* |
| | Mississippi Bar No. 102124 |
| | jay@hughesbrown.com |
| | HUGHES BROWN, PLLC |
| | 1300 Access Road, Suite 100 |
| | Oxford, Mississippi 38655 |
| | Telephone: (662) 234-6080 |
| | Facsimile: (800) 515-5466 |
| | Counsel for Plaintiffs |
| | *Admitted Pro Hac Vice* |

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1C**

I certify that this Motion has been prepared in Times New Roman font at 14 point size, in compliance with Local Rule 5.1C.

/s Heather Havette
Heather Havette
